**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

REBECKA MAE TOSH,

                    Plaintiff,

v.

FRANK BISIGNANO,[1]
Commissioner of Social Security,

                    Defendant.

Case No. 3:26-CV-00064-CLB

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND AFFIRMING THE COMMISSIONER'S DECISION**

[ECF No. 14]

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Rebecka Mae Tosh's ("Tosh") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Tosh's motion for reversal and remand. (ECF No. 14.) The Commissioner filed a responsive brief, (ECF No. 16), and Tosh filed a reply, (ECF No. 17). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 13-1), the Court denies Tosh's motion for remand, (ECF No. 14), and affirms the decision of the Commissioner.

I.      **STANDARDS OF REVIEW**

      **A.      Judicial Standard of Review**

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1]      Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive

and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.      Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§

404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to

determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual can do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    CASE BACKGROUND

### A.    Procedural History

Tosh applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act on March 14, 2023, alleging a disability onset date of February 19, 2023. (AR 21, 378, 383, 390.) Tosh's application was denied initially on November 8, 2023, and upon reconsideration on April 18, 2024. (AR 243, 250, 254.) Tosh subsequently requested an administrative hearing and on November 6, 2024, Tosh and her attorney appeared at a telephonic hearing before an ALJ. (AR 115-32.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on December 17, 2024, finding that Tosh was not disabled because she could perform other work that exists in significant

numbers in the national economy. (AR 18-30.) Tosh appealed the ALJ's decision, and the Appeals Council denied review. (AR 1-4.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Tosh filed a complaint for judicial review on January 26, 2026. (*See* ECF No. 1.)

### B.    ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 18-30.) Ultimately, the ALJ disagreed that Tosh has been disabled from February 19, 2023, the alleged onset date, through December 17, 2024, the date of his decision. (AR 29-30.) The ALJ held that, based on Tosh's RFC, age, education, and work experience, Tosh could perform other work that exists in significant numbers in the national economy. (AR 28-29.)

In making this determination, the ALJ started at step one. Here, the ALJ found Tosh had not engaged in substantial gainful activity during the period from her alleged onset date of February 19, 2023. (AR 21.) At step two, the ALJ found Tosh had the following severe impairments: thrombosis and hemostasis disorder; diabetes mellitus; hyperlipidemia; obesity; other disorders of the gastrointestinal system. (AR 21-22.) At step three, the ALJ found that Tosh did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (AR 22.)

Next, the ALJ determined Tosh has the RFC to perform light work as defined by 20 CFR 404.1567(b) except she:

> can work at unprotected heights occasionally, moving mechanical parts occasionally, in dust, odors, fumes and pulmonary irritants occasionally, in extreme cold occasionally, in extreme heat occasionally, and in vibration occasionally.

(AR 23.)

The ALJ found Tosh's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Tosh's statements concerning the

intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 23.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Tosh's credibility. (AR 23-28.) The ALJ then determined that Tosh is not capable of performing past relevant work, as open road truck driver, as actually or generally performed. (AR 28.)

Relying on the testimony of the VE, the ALJ determined that Tosh's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: routing clerk, marker, and garment sorter. (AR 29.) Accordingly, the ALJ held that Tosh had not been under a disability from February 19, 2023, the amended alleged onset date, through December 31, 2018, the date last insured, and denied Tosh's claim. (AR 46.)

**III.     ISSUE**

Tosh seeks judicial review of the Commissioner's final decision denying DIB under Title II of the Social Security Act. (ECF No. 14.) Tosh raises a single issue for the Court's review: Whether the ALJ improperly rejected Tosh's subjective symptom testimony relating to her migraines. (*Id.* at 3-7.)

**IV.     DISCUSSION**

Tosh argues the ALJ erred in evaluating her subjective symptom testimony relating to migraines because the ALJ did not identify where Tosh's testimony was inconsistent with the medical record. (ECF No. 14.) Tosh points to portions of the medical record that mention migraines as well as a medical assessment of "migraine with aura and without status migrainosus, not intractable" in June 2024. (*Id.* at 6 (citing AR 1339).) Tosh then notes that the ALJ did not recognize migraines as a medically determinable impairment at Step 2. (*Id.*)

The Commissioner argues that Tosh's motion should be denied because: (1) Tosh did not meet her burden of showing she was prejudiced by the ALJ's alleged error; (2) Tosh did not testify that headaches limited her functional capacity or identify limitations

that should have been included in her RFC; (3) Tosh did not argue – and therefore waived – the issue of whether the ALJ erred at Step 2 by failing to include migraines as one of Tosh's medically determinable impairments; and (4) any error was harmless. (ECF No. 16.)

Tosh replied, reiterating her argument that the ALJ failed to point to specific inconsistencies in the record between her subjective symptom testimony and the medical evidence and her statement that medical evidence in the record does support finding that her migraines are a medically determinable impairment. (ECF No. 17.) Tosh then argues for the first time that the ALJ should have found her migraines to be a severe medically determinable impairment. (*Id.*) Finally, Tosh argues the issue of whether Tosh's migraines are severe should be remanded because the ALJ erred in failing to discuss the migraines. (*Id*.)

When determining a claimant's RFC, the ALJ must consider all the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. "In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *see also Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2018) (as amended). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted); *see also Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) ("An ALJ, however, may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." (citing *Reddick*, 157 F.3d at 722)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her

symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (internal quotation marks and citation omitted). The ALJ must consider a claimant's physical and mental abilities, § 416.920(b) and (c), as well as the total limiting effects caused by *medically determinable impairments* and the claimant's subjective experiences of pain, § 416.920(e). *Garrison*, 759 F.3d at 1011.

Thus, in assessing residual functional capacity, the ALJ considers only those impairments found to be medically determinable at Step 2, even if not deemed severe. 20 C.F.R. § 404.1545(a)(2); *see Vargas v. Saul*, No. 1:19-CV-00299-CWD, 2020 WL 5521039, at *6 (D. Idaho Sept. 14, 2020). At Step 2, the ALJ found Tosh had severe medically determinable impairments of thrombosis and hemostasis disorder; diabetes mellitus; hyperlipidemia; obesity; and other disorders of the gastrointestinal system, as well as the nonsevere medically determinable impairments of depression, anxiety, post-traumatic stress disorder, and attention deficit hyperactivity disorder. (AR 21.) The ALJ did not include migraines in his discussion of Tosh's medically determinable impairments at Step 2. (*See* AR 21-22.) Therefore, because the ALJ did not include migraines as one of Tosh's medically determinable impairments, he was not required to consider migraines when formulating Tosh's RFC. 20 C.F.R. § 404.1545(a)(2).

An ALJ's consideration of a claimant's subjective symptom testimony may be rendered invalid when a claimant specifically argues the ALJ erred at Step 2 by failing to identify a condition as a medically determinable impairment. *See Vargas*, 2020 WL 5521039, at *7 (granting claimant's motion for remand based on her argument that the ALJ erred at Step 2 by failing to find that her fibromyalgia was a medically determinable impairment, thereby rendering the ALJ's failure to credit her fibromyalgia symptoms invalid); *Kerley v. Berryhill*, No. 2:16-CV-01841 JRC, 2017 WL 3128390, at *4 (W.D. Wash. July 24, 2017) (failure to find fibromyalgia was a medically determinable impairment at step two rendered RFC determination incomplete because ALJ did not credit Petitioner's fibromyalgia symptoms fully); *see also Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (erroneous exclusion of impairment at step two rendered RFC

determination incomplete, flawed, and not supported by substantial evidence in the record). The same is true when a claimant argues an ALJ failed to provide specific, clear, and convincing reasons for discounting a claimant's subjective symptom testimony regarding a condition that was found to be a medically determinable impairment. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1201 (9th Cir. 2024) (finding ALJ erred by failing to provide specific, clear, and convincing reasons for discounting claimant's subjective symptom testimony relating to her medically determinable impairment of headaches).

However, in her opening brief, Tosh specifically raised only the issue of whether the ALJ properly assessed her subjective symptom testimony, *not* whether the ALJ erred by failing to include Tosh's migraines as a medically determinable impairment. (*See* ECF No. 14.) A claimant waives an issue by failing to argue it "with any specificity" in their opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that a claimant waives an issue by failing to argue it "with any specificity" in their opening brief). Tosh summarizes the medical record with respect to her migraines, including describing an assessment by Dr. Niemann, and then concludes that his assessment is sufficient to establish migraines as a medically determinable impairment. (*Id.* at 6.) Tosh then concludes that the ALJ failed to recognize her migraines as a medically determinable impairment. (*Id.* at 3.) This case is similar to *Schultes v. Berryhill*, where the Ninth Circuit found that a claimant waived an issue where the opening brief "summarizes treatment notes, observations, and diagnoses from several medical providers,[] suggesting that the ALJ did not properly consider them" but made only conclusory arguments. 758 Fed.Appx. 589, 592 (9th Cir. 2018). Therefore, Tosh has waived the issue of whether her migraines are a medically determinable impairment by failing to specifically argue that issue in her opening brief. *Id.*; *Carmickle*, 533 F.3d at 1161, n.2.

Thus, the only issue before the Court is whether the ALJ erred in evaluating Tosh's subjective symptom testimony related to migraines. However, because the ALJ did not include migraines as one of Tosh's medically determinable impairments, he was not

required to consider migraines when formulating Tosh's RFC. 20 C.F.R. § 404.1545(a)(2). Thus, the ALJ did not err in failing to explain why he discounted Tosh's subjective symptom testimony with specificity because he was not required to discuss that testimony at all.

Furthermore, even if the Court found that the ALJ erred in assessing Tosh's subjective symptom testimony, the Court agrees with the Commissioner that such an error would be harmless. A reviewing court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (cleaned up). The party arguing reversible error "carries the burden of showing that prejudice resulted" from the error and that burden "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 408 (2009). Other than asking for the Court to reverse and award benefits or remand, Tosh did not address that such an error was harmful in her opening brief. (*See* ECF No. 14.) The Commissioner also points out that Tosh's RFC includes the kinds of precautions that typically address headaches, such as limiting exposure to heights, moving machinery, and vibrations. (ECF No. 16 at 7 (citing AR 23).) Therefore, if the ALJ did err by failing to consider Tosh's subjective symptom testimony, such error is harmless. *Ford*, 950 F.3d at 1159.

Moreover, if the Court did reach the issue of whether the ALJ erred at Step 2 by failing to find that Tosh's headaches are a medically determinable impairment, such error would also be harmless. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In *DeLorme v. Sullivan*, the Ninth Circuit found that although there was "no dispute [the claimant] suffered from pain and muscle spasms for a period of years. . . an independent review of the record does not clearly demonstrate a twelve-month period during which [the claimant] experienced a significant limitation of motion in the spine. Therefore, there is no

twelve-month period in the record during which all the criteria in the Listing of Impairments are met." 924 F.2d 841, 846-47 (9th Cir. 1991). Here, like in *DeLorme*, an independent review of the record does not clearly demonstrate Tosh suffered from migraines continuously for a twelve-month period. Tosh does not identify, nor can the Court find, any records establishing a *continuous* twelve-month period during which Tosh suffered impairments from migraines. Migraines are mentioned in Tosh's medical history, but only one treatment report mentions any symptoms due to her migraines. (*See, e.g.* AR 848, 857, 912.) The sole substantive reference to migraines in the record states that Tosh was "having a migraine here for the last couple of days," which itself does not demonstrate that Tosh was suffering from migraines for over a twelve-month period. (AR 1339.)

Thus, the medical evidence shows that Tosh's migraines would not constitute a severe medically determinable impairment because her migraines fail to reach the durational requirement. *DeLorme*, 924 F.2d at 846-47. Although the ALJ did not discuss this in his decision, the failure of Tosh's migraines to meet the durational requirement means that any failure of the ALJ to discuss or take Tosh's migraines into consideration constitutes harmless error. Therefore, assuming for purposes of argument that the ALJ did err, such error is harmless and the ALJ's decision is affirmed. *Ford*, 950 F.3d at 1159.

**V.      CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of reversible error.

Accordingly, **IT IS THEREFORE ORDERED** that Tosh's motion to remand, (ECF No. 14), is **DENIED** and the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: May 29, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

12